IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-02508-GPG

KEYON NESMITH,

    Petitioner,

v.

EL PASO COUNTY (DEPUTY MORSE), and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## MOTION TO ORDER WARDEN TO BE NAMED AS A RESPONDENT AND TO DISMISS IMPROPER RESPONDENT

Respondents, El Paso County (Deputy Morse)[1] and Attorney General Philip J. Weiser, respectfully move this Court under Rule 12 of the Rules Governing § 2254 Cases ("2254 R."), Fed. R. Civ. P. 12(b)(5), and Fed. R. Civ. P. 12(b)(7) to dismiss El Paso County (Deputy Morse) ("County Respondent") as a Respondent. Respondents also move to

---

[1] It is unclear whether "El Paso County (Deputy Morse)" is to be treated as one party or two, although Applicant's appellation suggests that this is intended to be one party. Respondents do so as well. But should this Court choose to treat Deputy Morse as a separate respondent, he also should be dismissed for the reasons discussed below.

compel Applicant to name as a respondent the warden currently supervising Applicant's confinement.

## I. Applicant must add as a party the warden supervising his confinement.

As relevant here, a person must be made a defendant to a civil suit if "in that person's absence, the court cannot accord complete relief among existing parties." *See* Fed. R. Civ. P. 19(a)(1)(A). If a plaintiff fails to do so, the court should either order the missing party to be joined or dismiss the case. *See* Fed. R. Civ. P. 12(b)(5), 19(a)(2).

The federal habeas statutes "contemplate a proceeding against some person who has the *immediate custody* of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (emphasis in original (quoting *Wales v. Whitney*, 114 U.S. 564, 574 (1885))). For this reason, a state prisoner currently in custody must name the "state officer who has custody" as the respondent in any federal habeas action. 2254 R. 2(a); *see* 28 U.S.C.A. § 2243 (stating that a granted writ of

habeas corpus or an order to answer "shall be directed to the person having custody of the person detained").

Here, Applicant has not named as a party the warden that supervises his immediate custody. Applicant must do so to proceed with his suit. *See* 2254 R. 2(a), 2(b); *Padilla*, 542 U.S. at 435 ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement—'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."); *Kailey v. Ritter*, 500 Fed. Appx. 766, 769 (10th Cir. 2012) ("To obtain habeas relief Mr. Kailey would be required to name the warden of the correctional facility in which he is confined.").

## II. County Respondent should be dismissed from this case.

"[T]here is generally only one proper respondent to a given prisoner's habeas petition." *Padilla*, 542 U.S. at 434. As discussed above, this proper party is the state official overseeing the applicant's confinement. *See* 28 U.S.C.A. § 2243; 2254 R. 2(a). Other parties should

3

be dismissed as respondents. *See Small v. Endicott*, 998 F.2d 411, 412 n.1 (7th Cir. 1993) ("The Kenosha County Circuit Court is not a proper party to this action. A petition for habeas corpus relief must name as respondent the state officer presently having custody over the applicant. Accordingly, we dismiss the Kenosha County Circuit Court from this appeal sua sponte." (citations omitted)).

Here, Applicant has included County Respondent as a respondent in this case. Because the state has custody of Applicant—not El Paso County or any specific law-enforcement officer—County Respondent is not a proper respondent in this case. *See Padilla*, 542 U.S. 426, 434–35. Therefore, County Respondent should be dismissed as a party. *See Endicott*, 998 F.2d at 412 n.1.

In sum, the warden supervising Applicant's confinement should be named as a party as in this case and be served with Applicant's application. Further, County Respondent should be dismissed. Respondents respectfully request that this Court so order.

Respectfully submitted,

PHILIP J. WEISER
Attorney General

s/ Patrick A. Withers
*Patrick A. Withers*
Senior Assistant Attorney General
Colorado Department of Law
Ralph L. Carr Colorado Judicial Center
1300 Broadway, 9th Floor
Denver, Colorado 80203
Telephone: 720.508.6000
FAX: 720.508.6043
E-Mail: patrick.withers@coag.gov
Attorneys for Respondent

CERTIFICATE OF CONFERRAL

Above-signed counsel did not confer with Applicant before filing this motion. But no conferral is necessary under D.C.Colo.LCivR 7.1(b)(1) and (b)(2).

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. I further certify that I have served same on the following non-CM/ECF participant by depositing same in the United States mail, first-class postage prepaid, at Denver, Colorado, no later than seven days from the date stated above, addressed as follows:

Keyon Nesmith, #193655
Centennial Correctional Facility (CCF)
P.O. Box 600
Canon City, CO 81215

s/ Patrick A. Withers